The last case this afternoon is case number 4-17-0103. In the interest of Dustyn W., a minor, appearing for the appellant is Attorney Wessel, appearing for the appellee is Attorney Escalera. Good afternoon. Mr. Wessel, are you ready to proceed? You may. May it please the Court, Counsel. My name is Joel Wessel, and on behalf of Dustyn, I represent the Office of the State Appellate Defender. This case presents two issues, though I only plan on addressing the first. And that is the probation condition, the geographic restriction contained in Dustyn's probation order. Included in Dustyn's probation order was a geographic restriction that barred him from entering the University of Illinois campus. This restriction was included on the pre-printed form order. This was not an opt-in provision, but one that was seemingly included automatically in every juvenile probation order entered in McLean County. Champaign County, isn't it? Champaign, I'm sorry. Does that matter? Would you not be here arguing if the judge had written it in by hand? Well, I believe if the judge had written it in by hand, there would likely have been findings made by the Court that discuss the relationship between the nature of the offense or the rehabilitation. Let's assume there weren't, other than the judge wrote it in by hand. I think it still would likely be a different situation. But if you look, Your Honor, at NRAJW, our Supreme Court held that for a probation condition, which restricts geographic movement to be constitutional, there, one, must be a valid purpose, and there must be an exemption. Here, there is an exemption. Today, Dustin is only challenging whether or not there is a valid purpose. Is that addressed to the Court's sound discretion in the first instance? I'm sorry, Your Honor? Is that addressed to the trial court's sound discretion in the first instance? I do not believe so, because if you look to NRAJW, they say for there to be a valid purpose, there has to be a narrowly drawn and reasonably related relationship between the geographic restriction and the nature of the offense or the rehabilitation. And if you look to the analysis done by our Supreme Court in NRAJW, they looked at specific articulable facts between the offense and between the rehabilitation and the offense committed. And here, in the record, there was no mention of the University of Illinois. Neither the prosecutor, defense counsel, nor the judge mentioned the university. And as I stated earlier, there were no findings made regarding this restriction. And, Your Honors, there was no need for the court to mention the University of Illinois, or there was no need because this offense happened on 1812 North Cunningham, which is not on the university's campus. Nothing in the record ties Dustin, his offense, his victims, or his... Why is it unreasonable for the court to think, I want to keep 13-year-old armed robbers away from the campus when they have no business to be there in the first place? Well, the court may want to do that, but according to NRAJW, the court has to have a... there has to be a reasonable relationship. And according to the analysis in NRAJW, there has to be a specific relationship and facts that can be pointed out. The court stated in NRAJW that the trial court had broad discretion in imposing probationary conditions to achieve the goals of fostering rehabilitation and protecting the public. And what the court also said, Your Honor, is that these conditions still must be held in check by constitutional considerations, and those being the narrowly drawn... But you never answered my question. Why is it unreasonable for the court to think it's appropriate to keep 13-year-old armed robbers away from the University of Illinois campus when he has no need to go there in the first place? Well, Your Honor, if you look to the analysis, there still has to be the court, even if the court might find it himself... Counsel, let's take this incremental. My first question was, why is it unreasonable for the court to think that? You seem to be arguing it is, and I want to hear your explanation as to why. The court may not find itself find that it is unreasonable per se, but taking a step back from that, it still must find it reasonable within the constitutional confines described in NJW, and that is this closely related requirement. And there's nothing in the record that mentions the university, nothing in the record that ties anything regarding the offense or Dustin to the probation condition. And the reason our Supreme Court explained why this analysis and this relatedness requirement is necessary is because the freedom of movement impacts a fundamental constitutional right. It's closely intertwined with the freedom of speech, freedom of assembly, freedom of association. And that's why there's this higher scrutiny attached to probation conditions that restrict geographic movement. And looking to the analysis of NJW, there is not that relatedness component here. There were no findings made. There was nothing in the record besides this geographic restriction that even mentioned the university. Is there some case law that says the trial court may not impose probationary conditions without explaining the basis for doing them? No, but in this situation, it would have helped if the court had done so. Well, it's always desirable. I remember back when I was in that position, and I would speak at great length, and I think it's a desirable thing to do. But you're arguing to us as if it's reversible error for the court not to have done so. Well, Your Honor, what I am arguing is that it's reversible error because the record does not demonstrate any connection between Dustin, his offense, his rehabilitation, and the university. Well, I want to go back to the question I asked. I'm a trial judge in Champaign County, and I think it's desirable to keep 13-year-old armed robbers who have no connection to the University of Illinois campus away from that campus since it's the crown jewel of this community and a place that we should be concerned about making sure that crime is reduced to the extent possible. Let's assume Judge Ladd had said all that. What would be unreasonable about her so concluding? I would still believe that I would argue, Your Honor, that there's still no connection between Dustin's offense and his rehabilitation to the university. So he would have had to have committed his armed robbery on the campus before the court could say, stay away from the campus. Not necessarily, but there had to be some connection, more so than he doesn't need to. Let me ask you, at what point would it be okay for the trial judge to have made this condition? Well, Your Honor, if the court was worried about the fact that he might have a propensity to commit armed robbery, she could have restricted him from entering the dorms on campus or the houses on campus. He used to have a propensity to commit armed robbery. I dealt with hundreds of people at sentencing. I don't know that my crystal ball is good enough to say about their propensity, but by God, I know what they had done. He's a 13-year-old, committed an armed robbery. Yes. That's a bad thing. He had done so only, though, with the direction from another juvenile that he was seeking directions from. Counsel, please, I don't want to get involved in the claim mitigating factors. He's a convicted armed robber at 13, right? Yes, he was mitigated at 13. And the trial judge said, this guy's got no business being on the University of Illinois campus, and I want to protect it and stay away. By the way, if you do have some good reason to come, we're going to let you come with a parent or guardian or with advanced permission or probation officer. I would say that the court didn't necessarily say that because these were included just on a pre-printed form order. It seemingly included for everyone. Pre-printed form, that's a factor here? That's an important matter? I believe it is because if the court had made a specific finding, like, for example, Your Honors, the court found that another geographic restriction was that, I believe, Dustin could not enter the gas station. Counsel, I, as a trial judge, have occasion to sentence hundreds of people, and some of the form orders I had had all kinds of stuff in, and what I would do is cross out stuff I didn't want. Is that the situation in Champaign County now with Judge Ladd? It could very well be, but... Mr. Wessel, let me see if I can assist just in terms of this question of when, in your mind, it might be an allowable restriction. If the minor had committed the offense on the U of I campus in Champaign, you would say that's a reasonable restriction, because if the actual site of the offense occurred there. I want to go back to, though, Justice Steinman read to you the language from, I don't have it in front of me, but in terms of the, when these probation conditions can be ordered, and it's in order to foster rehabilitation, and you've concentrated on that, and protecting the public, and Justice Steinman read that. Well, so certainly ordering a restriction that the minor is not to be on the U of I campus would have the effect of protecting the public on that campus. Your argument is why there and not someplace else, is why that particular place, but must it be established by the trial court? Why it has selected that particular geographic location? Is there a case that says you must identify the rationale for picking out that particular geographic location? Your Honor, I don't believe so, and that's what I said to Justice Steinman, but I believe that if you look to the analysis in RAEJW, there must be specific articulable facts that have a connection. In this case, it's the void of any connection besides this inclusion in the form order of the condition. If Judge Ladd was concerned about protecting the public, she might have more narrowly defined this restriction, such as no going on the University of Illinois campus after, say, 6 o'clock. He could not enter into a dorm room, housing, but this is so very broad. Would those have been okay? I believe so, because I believe in that situation there could have been an argument that dorms present an area, especially after hours, where a 13-year-old should not maybe attend college parties, etc. But in this situation, the University of Illinois campus is so sprawling throughout Champaign-Urbana that Dustin's freedom of movement is restricted. Could he hop on a city bus? Most city buses likely go through some part of campus. He would be in violation of his probation. Could he go to a basketball or football game? Could he walk across the quad? Go to the many public libraries? And that is why, in order to be constitutional, it needed to be more narrowly defined. Well, okay. Going back to what I had asked you, if he had committed the offense on the University of Illinois campus and he had the exact same probation order here, are you saying that would be unconstitutional? No, I believe if he had committed it on the campus there, according to the analysis done in GW, there would have been enough relatedness in order to satisfy the constitutionality. But when there's nothing connected... Even though he might still need to take a bus that could only get from point A to point C by traversing somewhere through the University of Illinois campus? I believe, and I still believe in that situation, because it was committed on the campus, according to the analysis, it would be constitutional. But the argument here breaks down because there's no connection at all. How about this for a possible rationale? I mean, still, dealing with in rape of JW and protecting the public. Let's say you have a parent of a high school senior that's looking at sending his or her child to the University of Illinois and has read about the crime in Champaign-Urbana, but also notes that in the sentencing of these particular criminals, there have been conditions of probation placed on the individual that that individual may not enter the U of I campus. This might provide a little peace of mind for the parent. I'm throwing something out there. Can you address that? Would that be a legitimate interest such that it would support a condition of probation? Your Honor, I think that where we talk about legitimate interests, are you referring to the rational basis test? Because my understanding when reading JW is that there's a higher level of scrutiny, because the opinion talks about narrowly drawn and reasonable relationship, and it seems to be a higher level of scrutiny than the rational basis test. So even if that may be a legitimate government interest, it still does not meet the standards set in JW, which is this closely related relationship that is just devoid in this case. If there are no further questions, Your Honors, I would ask that you strike Dustin's probation condition. Thank you. Thank you. Mr. Escalera? May it please the Court, Your Honors. Counsel, good afternoon, Your Honors. I am Rosario Escalera, and I represent the appellate prosecutors here in Springfield. The defendant argues, and I quote, his condition, his probation condition, that he not enter the university is unconstitutional as applied to his adjudication. Well, that's not the fact here, Your Honor. He is allowed to go to this university as long as he does have that exemption, and the exemption actually occurs in this case. What's important here, Your Honors, is that this probation condition is actually constitutional and is narrowly drawn, but it's also appropriate for the defendant. As you stated, Your Honor, this is a 13-year-old defendant who has been convicted of armed robbery. It's in the best interest of this community, of the Champaign community, to restrict this defendant's movement in this area because while we don't want armed robbery, it might happen in other cases in other parts of the city, but this is a special central hub in the Champaign area. This is where thousands of students go. They'll attend, and we also know the dangers of this city, of Champaign with its students. You know, as one of my favorite movies, Animal House, there's a lot of activity that occurs on campus, in on-campus life, and prohibiting the defendant from going and engaging in these activities, this is what, this will further his rehabilitation. Hopefully, a 13-year-old doesn't go there. I agree, Your Honor, but it's actually reasonable for this court, or for the trial judge, to order these kind of probations because he is an armed, you know, he was convicted of armed robbery. And I suggest that even though it's not merely, I would suggest that this defendant is highly susceptible to these kind of crimes because as my opposing counsel said, his co-defendant suggested or told him to commit this crime, and he did. And he committed this crime at night, and he usually runs away at night, and as we all know, no good deeds happen after midnight. We're in Springfield right now. The University of Illinois has a Springfield campus here, correct? Could the minor be arrested for violating a condition of his probation if he were on the UIS campus? So, I don't think, I think he can still be, I don't think he, I don't think, I don't think he can be arrested, but I don't think, even though as my opposing counsel said, it was overly broad, I think that condition was only applied to Champaign, even though it didn't say in its order. The crime occurred in Champaign, you know, and the recommendation in the post, in the report, it said that, you know, the defendant should be, should refrain from, you know, the schools in Champaign. So I would assume, I would suggest that the defendant should only be, should be refrained from entering the campus university in Champaign. As such, like I said, your honors, the defendant is highly susceptible to these undue influences. If the defendant were run again, were to run away again, and he has done this many times, he's only 2.2 miles away from his residence, the campus. He's going to more likely, you know, if he were to get on this bus, you know, he'd be violating curfew, because that's also included, but if he were to go to this campus, he'd most likely engage in these activities, which we don't want the state. We want him to, you know, become an active member of our society, get better, you know, get those good grades, so he can go to college. But by constantly running away, you know, engaging in other crimes, and this just doesn't help him, you know, even at all, trying to get to college. This order of probation doesn't restrict him from being on any other educational facilities, grounds in Champaign County, correct? No, that is correct, your honor. Well, although it did say in the report, like I previously mentioned, it recommended that he should be refrained from the other schools, the order just states that it should be the city of the campus in Champaign. What recommended? Oh, so in the post, in the report, that's by the post-sentencing report, it said, and I made sure I read this correctly, it said it recommended that the defendant be, should be refrained from other city or other schools in Champaign, but the court didn't put that into its order. It only put it into its order of the actual campus in Champaign. Again, you say that there was a, is this the pre-sentence investigation report? Yes, your honor. And it contained information or a recommendation as to geographic restriction? Right, yes, your honor. What specifically did it say? I can't tell you on the top of my head. I just remember that it was in the middle of the page, and I can get this to you if you'd like me to, but it said in this recommendation that this defendant should refrain from other schools in the city, but as I said, the trial judge, the trial court did not put it in its order. Was there a basis for that recommendation also in the report? No, it did not say, your honor, and I actually just contacted the probation office, and while it doesn't specifically state in the order, the probation office normally or most likely put these orders into minor cases like the defendant here. And going back to my argument, and this is why it's in the best interest of this defendant so he can stay away from these activities. As you mentioned, your honor, the trial court has broad discretion when ordering a probation requirement. It's because the trial court and the probation office, they know what these activities occur in that area. They know the dangers, they know what kind of life happens, and this is when, even though it didn't specifically state in the order, I would assume that the trial court took this into consideration, and that's why the trial court prohibited the defendant from entering these things. Additionally, your honor, I would like ourselves not to divorce ourselves from reality. You know, this is a 13-year-old boy who is not allowed to go anywhere at his leisure. I'm assuming, if not most of us or some of you are all parents, I wouldn't want my 13-year-old child to go onto a campus all by himself at night so he can do what he pleases. He just can't do that. And I know counsel didn't address this, but as the defendant's second argument defines, the state will concede that the circuit clerk imposed the fine, and we ask for this court to vacate. In conclusion, your honor, we'd ask that this court affirm the probation condition and vacate the fines. If there are any other questions. I don't see any. Thank you. Thank you. Mr. Wessel? Just a few brief points, your honors. The state mentions that there is an exemption, and there is in this case, but there are two distinct analyses in determining whether or not a condition is constitutional. One is whether there was an exemption, and one is the relatedness requirement. And regarding the exemption, it does say that he could receive advanced permission from his probation officer, but there's nothing that says that officer has to give him permission. And therein lies the problem regarding the Greenberg movement, which is tied to speech, assembly, and association. In J.W., the Supreme Court spoke about the availability of the exemption, and that's what's here, isn't it? Yes. In that case, they overturned and reversed based on that. My argument here is based on that. Because there was nothing present. So your argument is to comply with J.W., the language must be that if requested, the probation officer must grant it? No, your honors. What I'm saying, I'm sorry, what I'm arguing is that regardless of the exception, there still is this relatedness requirement. And that is why the Supreme Court has seemingly instituted this higher level of scrutiny. I don't understand why you mentioned about how the probation officer can still deny the request to pay. Your honor, just to highlight why the first part of the analysis is important, and that's because this implicates a fundamental right, as our Supreme Court has stated. In the State's example of going on to the University of Illinois campus, maybe going to parties at night, Judge Ladd could have imposed a narrow restriction regarding you cannot enter the University of Illinois after such a time, or these specific areas, and that was not done. Would that have been okay? I mean, I think it might be. The court had expressed that it was concerned about his offense and how it related to his rehabilitation, and not surrounding himself with... So without that explanation on the record, it wouldn't be okay? I think without anything more narrow, it would not be okay, because right now the restriction is so broad that it encompasses every part of campus, every campus in Illinois. And as your honors are sure aware, the University of Illinois campus is spread out... Well, if this were a serious issue, and the poor kid didn't know what it meant, or his lawyer didn't know what it meant, why couldn't he have raised this matter at the trial court? It's a judge. Where are the limits in this order? Your honor, I can't answer that just because... Doesn't the absence suggest that it's not a serious issue for the kid or his lawyer? I don't believe so. I believe that it is serious because, again, this is a fundamental right that is being restricted. Serious in their minds as far as the scope of this. If they were unsure of the scope, you'd say, well, what am I limited to? Does this mean I can't ever be in Springfield or take a bus through... Whatever. But none of that was right. You're right. And that is why it has been raised under plain error, and I believe it affects the integrity of the judicial process to impose a geographic restriction invading someone's constitutional right of freedom of movement without so much as an explanation as to how or why it may be related. If there are no further questions, I would just ask your honors that. Thank you. Okay, thank you. Thank you both. The case will be taken under advisement and a written decision shall issue. The court stands recessed.